UNITED STATS DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No.: 06-209 (GK) |
| | : | |
| | : | VIOLATIONS: 18 U.S.C. § 371 |
| | : | (Conspiracy) |
| **v.** | : | |
| | : | |
| **ANTOINE HUDSON,** | : | |
| | : | |
| Defendant. | : | |

**ELEMENTS OF OFFENSE**

In order to sustain its burden of proof for the crime of conspiracy charged in Count One of the Information, the government must prove the following three (3) essential elements beyond a reasonable doubt:

(1) The conspiracy, agreement, or understanding to engage in interstate transportation of stolen property and traffic in motor vehicle components, as described in the Information, was formed, reached, or entered into by two or more persons;

(2) At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose(s) of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement, or understanding; and

(3) At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the information and did so in order to further or advance the purpose of the agreement.[1]

---

[1] O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Section 31.03 (modified) (5th Ed. 2002).

To assist in determining whether there was a conspiracy, agreement or understanding to transport stolen goods in interstate commerce, the government notes the following elements for transporting stolen goods in interstate commerce, in violation of 18 U.S.C. § 2314, each of which the government must prove beyond a reasonable doubt: (1) the property described in the Information was stolen; (2) the stolen property had a value of at least $5,000; (3) after the property was stolen, the defendant transported it, or caused it to be transported, from one state to another state; and (4) at the time that the defendant transported the property, or caused the property to be transported, he knew that it had been stolen.[2]

To assist in determining whether there was a conspiracy, agreement or understanding to traffic in certain motor vehicle parts, the government notes the following elements for trafficking in certain motor vehicle parts, in violation of 18 U.S.C. § 2321, each of which the government must proof beyond a reasonable doubt: (1) the defendant bought, received, possessed, or obtained control of a motor vehicle part; and (2) the defendant did so with the intent to sell, or otherwise dispose of, a motor vehicle or motor vehicle part knowing that an identification number for such motor vehicle part had been removed, obliterated, tampered with, or altered.  See 18 U.S.C. § 2321.

In order to sustain its burden of proof for the crime of conspiracy charged in Count Two of the Information, the government must prove the following three (3) essential elements beyond a reasonable doubt:

---

[2]See id. at Section 59.09 (modified).

 (1) The conspiracy, agreement, or understanding to engage in false statements to financial institutions, as described in the Information, was formed, reached, or entered into by two or more persons;

 (2) At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement, or understanding; and

 (3) At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment and did so in order to further or advance the purpose of the agreement.[3]

To assist in determining whether there was a conspiracy, agreement or understanding to engage in false statements to financial institutions, the government notes the following elements for making false statements to financial institutions, in violation of 18 U.S.C. § 1014, each of which the government must prove beyond a reasonable doubt: (1) the defendant knowingly made a false statement to a financial institution, (2) the defendant made the false statement for the purpose of

---

[3] See id. at Section 31.03 (modified).

influencing the action of the financial institution upon application of a loan, and (3) the financial institution was insured by the FDIC at the time the statement was made. [4]

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY
        FOR THE DISTRICT OF COLUMBIA

By: _____
        G. BRADLEY WEINSHEIMER
        Assistant United States Attorney
        Bar Number 431796
        United States Attorney's Office
        555 4th Street, N.W., Room 5237
        Washington, D.C. 20530
        (202) 514-6991

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I served a copy of the foregoing by electronic mail on counsel for defendant, Danny Onorato, Schertler & Onorato, L.L.P., 1140 Connecticut Avenue, N.W., Washington D.C. 20036, this 31st day of July 2006.

        _____
        G. Bradley Weinsheimer
        Assistant United States Attorney

---

[4] Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, Section 6.18.1014 (2003).