

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 11, 2006

BY FAX
Lara Quint, Esq.
Federal Public Defender Service
625 Indiana Ave., NW
Suite 550
Washington, D.C. 20004

**FILED**

FEB 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: <u>U.S. v. Carlos Medina, aka Luis Vasquez-Soriano</u>, 06-287

Dear Ms. Quit:

    This letter sets forth the plea agreement this Office is willing to enter into with your client, Carlos Medina, aka Luis Vasquez-Soriano (the "defendant" or "your client"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

    1. **Charges**. Your client agrees to plead guilty to Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States (Count 2), in violation of 18 U.S.C. § 1546(a), and Aggravated Identity Theft (Count 3), in violation of 18 U.S.C. § 1028A(a)(1), offenses which have been charged an Indictment pending in the United States District Court for the District of Columbia.

    Your client agrees that the attached "Factual Proffer" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Factual Proffer as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to 18 U.S.C. § 1546(a), Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States carries a sentence of not more than 10 years imprisonment, a fine of not more than $250,000, under 18 U.S.C. § 3571(b)(3), or both, and a period of supervised release of not more than three years, 18 U.S.C. § 3583(b)(2). Your client also understands that pursuant to 18 U.S.C. § 1028A(a)(1), Aggravated Identity Theft carries a mandatory sentence of two (2) years imprisonment, a maximum fine of not more than $250,000, under 18 U.S.C. § 3571(b)(3), or both, and a period of supervised release of not more than one year, 18 U.S.C. § 3583(b)(3). The sentence for Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States must be served consecutively to the sentence for Aggravated Identity Theft. See 18 U.S.C. § 1028A(b).

In addition, your client agrees to pay a special assessment of $200 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013.

3. **Additional charges**. If the defendant fulfills all obligations under this plea agreement, then in exchange for the defendant's guilty plea, as described in paragraph 1 above, the government agrees that, at sentencing, it will dismiss the remaining charges against him in the pending federal indictment in this case, Criminal No. 06-287.

With regard to any charges that will be dismissed subsequent to your client's sentencing pursuant to this agreement, your client acknowledges and agrees that such charges are based in fact and the dismissal of such charges is solely a part of the consideration for this agreement and for no other reason and provides your client with no basis to claim "prevailing party" status under the "Hyde Amendment," P. L. 105-119 (1997). Further, your client specifically agrees not to file any claim under that law.

4. **Release/Detention and Actions Pending Sentencing.** Your client agrees not to seek his release and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

5. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have

the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

6. **Sentencing**. Your client understands and agrees that a 2 year sentence of imprisonment shall be imposed in this case for the offense of Aggravated Identity Theft because Title 18, Section 1028A(a)(1), provides that your client shall "be sentenced to a term of imprisonment of 2 years."

Your client understands that the sentence for Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual 2005</u> (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Your client further understands that the sentence imposed for Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States must be consecutive to the sentence for Aggravated Identity Theft, in accordance with 18 U.S.C. § 1028A(b).

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a).

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate that under §2L2.2 of the Sentencing Guidelines the following base offense level and specific offense characteristics should apply:

§2L2.2 = 8 + 2 levels (§2L2.2(b)(1)) = 10 + 4 levels (§2L2.2(b)(2)(B)) = 14 - 2 levels §3E1.1(a)) = 12

Nothing in this agreement limits the right of the government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the government at the time of the signing of this agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

7. **Court Not Bound by the Plea Agreement or the Non-Mandatory Sentencing Guidelines**. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to

3

the parties' determination of the applicable base offense level and specific offense characteristics, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Sentencing Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

8. **Deportation**. Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of U.S. Immigration and Customs Enforcement. The defendant further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or the U.S. Immigration and Customs Enforcement, shall breach this plea agreement.

9. **Reservation of allocution**. Your client understands that the United States reserves its full right of allocution for purposes of sentencing in the federal charge. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case.

10. **Interpreter**. Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement and related documents for your client into your client's native language. If no such request is made, then the defendant hereby declares that he understands the English language sufficiently well to read and understand this plea agreement.

11. **Breach of agreement**. Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

12. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. Because your client is not a

5

citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of U.S. Immigration and Customs Enforcement.

      13.   **No other agreements**.  No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

      If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

      Sincerely,

Jeffrey A. Taylor,
United States Attorney

Frederick W. Yette,
Assistant U.S. Attorney

### Defendant's Acceptance

      I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty because I am guilty of the criminal offense to which I am entering a guilty plea.

2/9/07
Date

Carlos Medina, aka
Luis Vasquez-Soriano

**Defense Counsel's Acknowledgment**

    I am the defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

2/9/07
Date

Lara Quint, Esq.,
Counsel for Mr. Vasquez-Soriano