HONORABLE GLADYS KESSLER, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : Docket No.: <u>06-CR-209</u> | JUN 0 6 2007 |
| vs. | : SSN: _____ | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |
| HUDSON, Antoine | : Disclosure Date: <u>April 12, 2007</u> | |

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
    ( ) There are no material/factual inaccuracies therein.
    (X) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____       4/24/07
Prosecuting Attorney                              Date

### For the Defendant

(CHECK APPROPRIATE BOX)
    ( ) There are no material/factual inaccuracies therein.
    ( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  _____      _____  _____
Defendant                 Date                    Defense Counsel             Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>April 26, 2007</u>, to U.S. Probation Officer <u>Renee Moses-Gregory</u>, telephone number <u>(202) 565-1348</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:    Gennine A. Hagar, Chief
        United States Probation Officer

## RECEIPT AND ACKNOWLEDGEMENT ATTACHMENT
(U.S. v. Hudson, CR-06-2009-01)

The government notes the following material or factual inaccuracies and additional information for the PSI report prepared April 11, 2007:

**Page 3, paragraph 1**:  The last sentence should indicate that the criminal conduct set forth in the Information continued until June 2005, not May 2004.

**Page 5, paragraph 16**: The amount fraudulently obtained by the coconspirators should be more than $500,000, not $50,000.

**Page 6, paragraph 18**:  With respect to restitution, the government believes that restitution is not an issue at sentencing and now is able to provide the information that follows.  With respect to Count One, since the vehicle was recovered, restitution is not an issue.  With respect to Count Two, the victims of false statements made to financial institutions are Fremont Investment and Loan and American Residential Mortgage (a company that since the commission of the offense has closed and no longer exists).  Principally because the market value of the properties at issue in this case is at or near the loan amounts, there is no restitution owed to these victims.  To the extent they were directly harmed by the defendant's conduct during the course of the conspiracy, the "sellers" of each property would be entitled to restitution.  In this case, however, the principle loss suffered by each seller is the loss of title to her property (that is, each sold the property in the hope of having the property returned to her after one year), and each seller is taking steps to have the property returned to her.  Moreover, the government is in possession of $307,773.54 that defendant Hudson already has forfeited in a separate, although related, civil proceeding.  To the extent any victim has an additional claim for restitution not currently known, they may file a claim as to these funds.

**Pages 6-7, paragraph 24**: The first and second sentences of this paragraph correctly note the application of United States Sentencing Guidelines Sections 2B1.1(a)(2) and 2B1.1(b)(1)(D).  Since the adjusted offense level pursuant to these sections is 12, however, U.S.S.G. Section 2B1.1(b)(11) also applies.  U.S.S.G. Section 2B1.1 (b) (11) provides that if the offense level is less than 14 and the offense involves an organized scheme to steal vehicles or parts, as this one does, the offense level should be increased to 14.  Thus, calculating the applicable guideline under either Section 2B1.1 or Section 2B6.1 results in an adjusted offense level of 14, which the report correctly notes would be grouped together in any event.

**Page 7, paragraph 25**:  The underlying offense of Count Two is making false statements to financial institutions, not trafficking in motor vehicle components.

**Page 15, paragraph 70**: This paragraph should note that while purchased by defendant Hudson, 712 Kenyon Street, Northwest is one of the properties that is the subject of the false statements to financial institutions conspiracy charge.

**Page 17, paragraph 79**: The last sentence in this paragraph should indicate that the foreclosure proceedings on the $396,000 mortgage relates to the 712 Kenyon Street, Northwest property

(there is a slight discrepancy in the mortgage amounts reported in paragraphs 70 and 79, perhaps owing to an inconsistency in records).

**Page 20, paragraph 103**: See the comment above for page 6, paragraph 18 relating to restitution. The victims in this case include Fremont Investment and Loan and American Residential Mortgage (a company that since the commission of the offense has closed and no longer exists). The government does not believe that restitution is an issue at sentencing.

4/24/07
Date

G. Bradley Weinsheimer
Assistant U.S. Attorney

2